IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VOVA BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:23-cv-055 |
| | ) Judge Stephanie L. Haines |
| BLAIR COUNTY PRISON, *et al.*, | ) Magistrate Judge Keith A. Pesto |
| | ) |
| Defendants. | ) |
| | ) |

## **MEMORANDUM ORDER**

Presently before the Court is a complaint in civil action under 42 U.S.C. § 1983 filed *pro se* by Vova Boyd ("Plaintiff") (ECF No. 5). Plaintiff sued the Blair County Prison and its Warden for a violation of his Eighth and Fourth Amendment rights for three incidents that caused him injury. *Id.* at 3. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

Under the Prisoner Litigation Reform Act ("PLRA"), courts are required to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are frivolous or that fail to state a claim on which relief may be granted.[1] 28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002). These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint...is frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In determining whether the factual assertions are clearly baseless, and the complaint is therefore frivolous, a court need not accept its allegations as true.

---

[1] *See* ECF No. 1, Plaintiff's Motion for Leave to Proceed in forma pauperis. Memorandum Order granting Plaintiff's Motion for Leave to Proceed in formal pauperis (ECF No. 4).

*See Denton v. Hernandez,* 504 U.S. 25, 33 (1992). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC,* 436 Fed. App'x 70, 72-73 (3d Cir. 2011).

On March 7, 2024, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 11) recommending Plaintiff's Complaint be dismissed for lack of prosecution and for failure to state a claim, without leave to amend. The Court had previously sent mail to Plaintiff on February 9, 2024, and it was returned (ECF No. 10). Plaintiff not having updated his address or contacted the Court since May 2023, Judge Pesto determined Plaintiff had abandoned this litigation. Aside from the procedural default, Judge Pesto also found multiple bases for the substantive dismissal of the case including a lack of facts to support the allegations in the Complaint as well as defendants who cannot be vicariously liable for the alleged actions committed against Plaintiff. ECF No. 11, pp.3-4. In an abundance of caution, the Court sent the Report and Recommendation to Plaintiff at his address of record on November 20, 2024 (ECF No. 12). Plaintiff was given a deadline of December 9, 2024, to respond. To date Plaintiff has not filed objections or otherwise communicated with the Court since May 17, 2024.

Upon review of the record and the Report and Recommendation (ECF No. 11) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch,* 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter. Magistrate Judge Pesto correctly determined Petitioner has

failed to prosecute his case. *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984); ECF No. 11, p. 2.

Accordingly, after *de novo* review of the pleadings in case, together with the Report and Recommendation the following order is entered:

### **ORDER**

AND NOW, this 11th day of December, 2024, IT IS ORDERED that Plaintiff's Complaint in Civil Action (ECF No. 5) is hereby DISMISSED with prejudice; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 11) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge